In this opinion, Church, Ch. J. concurred.

New trial to be granted.

---

### Church *against* Mansfield.

In order to render a master liable for a trespass committed by his servant, it is necessary to show, that the acts constituting such trespass, were done while the servant was acting under the authority of the master.

If the master was ignorant of such acts, no presumption of his having authorized them will arise from their having been done for his benefit, and from his silence regarding them.

Therefore, where *A* employed *B* to make coal on *A's* land, and transport it, with *A's* teams and carts, to *A's* furnace, for his benefit; and *C* brought trespass against *A*, for *B's* unnecessarily making roads on *C's* land and passing thereon, with teams and carts, to *A's* furnace ; on the trial, there was no evidence, that *A* authorized the acts complained of, or knew that *B* had committed, or intended to commit, them, unless this might be inferred from the facts above stated ; and the court instructed the jury, that if *B* had done these acts, under these circumstances, the presumption was, that they were done by the authority and under the direction of *A ;*  it was held, that this was a misdirection, for which a new trial should be granted.

This was an action of trespass, *quare clausum fregit ;* tried at *Litchfield,* at the *February* term, 1850.

There were several counts in the declaration. The second was for breaking and entering upon the plaintiff's lands, and cutting down large quantities of wood and timber.

Upon the trial of the cause, to the jury, the plaintiff, in support of the second count, offered evidence to prove, that the defendant employed servants to cut wood, and convert it into coal upon his land, adjoining the plaintiff's, and that the servants cut wood, made coal, and made divers roads upon the plaintiff's land ; and with the defendant's teams and carts, transported the coal over these roads to the defendant's furnace, for his benefit.

There was no evidence that the defendant had ever authorized the acts complained of, or knew that the persons employed by him had committed, or intended to commit, them, unless the same might be inferred from the fact that he had employed a man, by the name of *Dean*, to cut wood upon his land, and convert it into coal, and then deliver it at his furnace ; and from the fact that the roads were cut, and the coal transported to the furnace, with his teams and carts.

The defendant claimed, that if the acts complained of were done by *Dean* and the persons employed by him, without his knowledge and consent, he was not liable; and requested the court so to instruct the jury.

But the court instructed them, that if they should find, that the defendant employed *Dean* to cut and convert into coal wood upon his own land, and then deliver the coal at his furnace ; and *Dean*, for the purpose of transporting the coal to the furnace, had cut and made the roads on the plaintiff's land, and transported the coal over the same, with the defendant's teams and carts, and delivered the coal at the furnace, for the defendant's benefit ; the presumption was, that the acts of *Dean* were done by authority and direction of the defendant, unless he showed, that he had forbidden *Dean* from going upon the plaintiff's land, and doing the acts complained of.

The jury returned a verdict in favour of the plaintiff; and the defendant moved for a new trial. The case was thereupon reserved for the advice of this court.

*J. H. Hubbard* and *Peet*, in support of the motion, contended, 1. That if a servant commits a trespass, without the

*Litchfield,*
*July, 1850.*

Church
*v.*
Mansfield.

knowledge, direction, or consent of the master, the latter is not liable. *McManus* v. *Crickett*, 1 *East*, 106.  1 *Sw. Dig.* 69.  2 *Rolle's Abr.* 553.  2 *Selw. N. P.* 1080.  3 *Stark· Ev.* 1446.  *Wilson* v. *Peverly*, 2 *N. Hamp. R.* 548.

2. That a servant can, by no unauthorised and unsanctioned act of his, raise a presumption against the master ; and so the court should have charged the jury.  The master, in such case, is no more liable to such a presumption, than a stranger ; for he is a stranger to the trespass.

3. That the charge was decidedly erroneous, in instructing the jury, that it was incumbent on the defendant to show, that he forbade *Dean* to go upon the plaintiff's land and commit the trespasses complained of.  How could the defendant know what trespasses the defendant intended to commit, so as to be able to forbid him, under this charge ?  The record shows, that there was no evidence other than the presumption referred to, that the defendant knew of the acts complained of.  His non-interference, therefore, furnished no presumption against him.

*G. C. Woodruff* and *Granger*, contra, contended, That the defendant was liable for the trespasses committed by his servant, *Dean*, while in the defendant's employment, and while conducting the business of such employment.  In support of this proposition, they urged the following considerations.  First, masters are liable for the torts committed by their servants, in all cases where the servant is acting by the direction and command of the master.  If the tort complained of is committed with the knowledge and consent of the master, and for his benefit, he is liable.  *Reeve's Dom. Rel.* 256, 7.  Secondly, whenever a master *permits* his servant, in the course of his business, to do an injury, he is considered, with reference to his liability, as having *ordered* it done.  *Ibid.* Thirdly, whatever is done by the servant *within the scope of his general authority*, is certainly done by the master. *Reeve's Dom. Rel.* 257.  1 *Sw. Dig.* 67, 8.  1 *Bla. Com.* 431, 2. Fourthly, whatever the duty of an agent requires him to do in the business of his employer, must be presumed to be done with the employer's knowledge, and by his direction.  Ex parte *Machel,* 1 *Rose,* 447.  *Ham. Dig.* 560. *pl.* 7.  Fifthly, in this case, it was the duty of *Dean,* under his contract with

the defendant, to make roads for the transportation of the coal. Hence the presumption is, that the defendant directed him to make such roads. Sixthly, entire justice has been done, by the verdict; and the court, in the exercise of its discretion, will not disturb it.

*Litchfield,*
July, 1850.

Church
*v.*
Mansfield.

WAITE, J.   A master is responsible for the tortious acts of his servant, when committed in the execution of his orders. But in order to render him liable for a trespass, committed by the servant, it is necessary to show, that the acts were done while the servant was acting under the authority of the master.   Thus, if a servant, employed to drive his master's carriage, so negligently and unskillfully drive it, as to injure the person or property of another, the master will be liable; because in driving the carriage, the servant was acting in the execution of the orders of his master.   But if he were to leave his carriage, and seize the horse of another, whose carriage obstructed his passage along the highway, and thereby occasion an injury, his master would not be liable; because, in that matter, he was not acting in the employment of his master.   *Lamb* v. *Palk,* 9 *C. & P.* 629. (38 *E. C. L.* 261.)

So too, if a man send his horse to the shop of a blacksmith, to be shod, and the servant of the latter, so carelessly and unskillfully perform the work as to lame the horse, the master will be liable, whether he had knowledge of the manner in which the work was performed, or not, because the injury was produced while the servant was acting in the employment of the master.   But if, while the horse is standing at the door, the servant, without the knowledge of the master, beat the horse, and thereby injure him, the servant alone will be responsible for his acts.

In the present case, the defendant is charged with the commission of trespasses.   The evidence showed, that they were not committed by him personally, but by persons in his employment.   To render him liable, therefore, it must be shown, that the commission of the trespasses was in the execution of his order, or with his assent and approbation.

But it was conceded, that he never authorized the commission, or had any knowledge of it, unless it might be inferred from the employment of the servants in making coal, and with his teams and carts transporting it to his furnace.

*Litchfield,*
July. 1850.

Church
*v.*
Mansfield.

But there is nothing in the case necessarily connecting that employment with the trespasses complained of. The wood was to be cut, and the coal made, upon the defendant's own land ; and it does not appear, that the coal could not have been carried directly to the defendant's furnace, without crossing the plaintiff's land. For aught that appears, the trespasses were entirely voluntary on the part of the workmen, and wholly unconnected with their employment by the defendant.

No presumption, therefore, fairly arises from that employment, that the defendant ever authorized or directed his workmen to cross the plaintiff's land, or commit any other trespasses thereon. Nor can any just inference be drawn against him, by reason of his omission to forbid the acts, when it is shown that he had no knowledge that the workmen had committed, or intended to commit, them.

Had it appeared that they were done for his benefit and with his knowledge, then his assent might be implied from his silence. But when it is shown, that he had no such knowledge, his silence cannot operate against him.

As the jury may have been misled, by the instruction given to them, we think a new trial must be granted.

In this opinion the other Judges concurred, except CHURCH, Ch. J., who, being related to one of the parties, gave no opinion.

New trial to be granted.